UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

E.Z.,[1] a minor, by and through his parents JEFF ZAKER and ANTONIETTE ZAKER, and individually,

Plaintiff,

v.

JSKLD HOSPITALITY ENTERPRISE, LLC., SAP HOTELS, LLC, DBA SAP HOSPITALITY MANAGEMENT, INTERCONTINENTAL HOTEL GROUPS, and HOCKEY TIME PRODUCTIONS, INC.

Defendants.

CIVIL ACTION

No. 2:23-cv-835

## COMPLAINT

AND NOW COME Plaintiff E.Z., a minor, by and through his parents Jeff Zaker and Antoinette Zaker, each individually, who hereby brings this Complaint against JSKLD Hospitality Enterprise, LLC, SAP Hotels, LLC, DBA SAP Hospitality Management, InterContinental Hotel Groups, and Hockey Time Productions, Inc., allege as follows:

1. This case involves the use of a gag metal sign posted at the Holiday Inn Express Pittsburgh – North (Harmarville) ("Holiday Inn Express" or "Hotel") which, in disregard to the safety of its patrons, caused a minor boy to suffer very significant injuries to mind and body.

## PARTIES

2. Plaintiff E.Z., is a minor individual, age 13. His parents Jeff Zaker and Antoinette Zaker, are adult individuals who reside with minor Plaintiff at 23104 Blue Grass Dr. Brownstown, MI 48183. All Plaintiffs are citizens of Michigan.

---

[1] Minor's initials used to protect the identity of the minor.

3. Defendant JSKLD Hospitality Enterprise LLC ("JSKLD") is a limited liability company with its headquarters at 1 Ukani Drive, Belle Vernon, Pennsylvania, 15012, a citizen of Pennsylvania.

4. At all relevant times JSLKD owned and jointly managed the Holiday Inn Express and underlying property at 10 Landings Drive, Pittsburgh, PA 15238 (hereafter "Hotel"). JSKLD is a citizen of Pennsylvania.

5. Defendant SAP Hotels, LLC ("SAP") is a limited liability company doing business under the name SAP Hospitality Management, with its headquarters at 1515 N. Sandusky Avenue, Bucyrus, Ohio, 44820, a citizen of Ohio.

6. SAP is a hospitality management company which was responsible for the management (or co-management) of the operations at the Hotel on the date and time in question, independently and/or together with JSLKD.

7. At all relevant times, JSLKD and/or SAP were possessors of and in control of the Holiday Inn Express premises.

8. Defendant InterContinental Hotels Group ("InterContinental") is a limited liability company with its headquarters at 3 Ravinia Drive, Suite 100, Atlanta, GA 30346.

9. At all relevant times, InterContinental was the franchisor of the subject Holiday Inn Express, possessing the right to inspect and control the subject Holiday Inn Express, and to maintain and dictate the standards of the Holiday Inn system, as well as the right to consult with Defendants JSLKD and/or SAP on operating issues concerning the subject Holiday Inn Express, including but not limited to the use and maintenance of signage at the subject property.

10. Defendant Hockey Time Productions Inc. ("Hockey Time Productions") is a corporation. Its principal place of business is in Ohio. It is owned by Tony Prpic and/or Matt Rice.

11. At all relevant times, Hockey Time Productions organized and managed ice hockey

tournaments across the United States for both adults and minors.

**JURISDICTION AND VENUE**

12. This Court has subject matter jurisdiction over this matter based on 28 USC §1332(a)(1), as the Plaintiff is a citizen of a different state than all the Defendants, and the amount in controversy exceeds $75,000.

13. Venue is proper in this District as the subject incident and subject property are both located in this District.

**FACTS**

14. Minor plaintiff and his father, Jeff Zaker, stayed at the Holiday Inn Express from October 7, 2022 through October 9, 2022.

15. They were staying at this hotel so that the minor plaintiff could participate in a hockey tournament.

16. This hockey tournament was organized and managed by Defendant Hockey Time Productions. As part of this, Hockey Time Productions secured blocks of rooms for hockey tournament participants and their families.

17. Hockey Time Productions website currently requires out-of-town hockey tournament participants such as the minor Plaintiff and his family to reserve hotel rooms through Hockey Time Productions, from a list of approved hotels[2]:

> As a condition of acceptance, all "Out of Town" teams, defined as having a home rink that is greater than 75 miles from the primary tournament arena, are required to reserve rooms through Hockey Time at a listed/approved tournament hotel at the listed tournament rate.
>
> and

---

[2] https://www.itshockeytime.com/hotelinfo.asp?tourneyid=1773

> Procurement of a room(s) through any other method, including use of hotel reward points to secure accommodations at a Hockey Time, or other hotel, is not permitted. Failure to comply and/or attempts to circumvent procedures and obligations will result in expulsion from the tournament. Under these circumstances, no registration fees will be refunded.

18. This requirement for hockey tournament participants and their families to reserve a hotel room through Hockey Time Productions was in place at all relevant times.

19. Hockey Time Productions failed to properly inspect and assess the Hotel to determine whether the premises were safe for the hockey tournament participants and their families, or in the alternative, Hockey Time Productions failed to inspect and assess the Hotel at all.

20. If Hockey Time Productions had made a proper inspection and assessment, it would have discovered that the premises were unsafe, as is set forth in this Complaint.

21. The property is not located near a farm nor in the immediate vicinity of the habitat of wild ducks such that ducks would cross the hotel entranceway with any frequency warranting the use of a "Slow Duck Crossing" sign. Its placement and use were not reasonable.

22. The Hotel is located next to a large trucking terminal and all around the Hotel are cement/asphalt commercial enterprises.

23. With the motivation to generate a laugh for the Hotel's employees and/or its patrons, an authorized agent, acting within the scope of their agency with SAP and/or JSKLD, (whose identify will be determined through discovery), purchased and erected a "Slow Duck Crossing" in a strip of grass between the parking lot and the Hotel's entrance.

24. Pictures accurately reflect the Duck Crossing Sign and its placement are attached as **Exhibits 1**, **2**, **3**, and **4**.

25. The Hotel caters to families of minors who come to attend a hockey tournament on a regular basis as the Hotel is close to the Alpha Ice Complex.

26. During the weekend in question, the Hotel was filled to capacity with multiple hockey teams of kids.

27. On October 8, 2022, Plaintiff collided with the "Slow Duck Crossing" sign, located in a strip of grass between the drop off/pick up lane in front of the Hotel and the Hotel parking lot.

28. The sign itself had no functional purpose, as the drop off/pick up lane at the Holiday Inn Express was not an actual duck crossing. Traffic did not actually need to slow for ducks to cross from the parking lot to the hotel. Instead, the Holiday Inn Express staff, who lured ducks onto the hotel property with food scraps, installed the sign as a gag prop.

29. In the alternative, if ducks actually crossed the drop off/pick up lane at the Holiday Inn Express, it was an artificial traffic condition or attractive nuisance created by JSKLD and/or SAP to lure the ducks to that location with food scraps.

30. No engineering judgment or studies were done of physical or traffic factors to justify the use, location, or safety perimeters of the duck crossing sign.

31. The use and placement of the Duck Crossing Sign did not conform to industry standards, guidelines, and/or customs. The sign was made of metal and had sharp edges, and was affixed to a metal pole. The top of the sign is approximately 59 inches above the ground. The sign is located in an area that is heavily traveled, as it is located between the front parking lot and front entrance of the Holiday Inn Express.

32. The sign did not have any reflective tape or any other illuminating device so that it could be seen at night. The area the sign was in was not illuminated.

33. The sign was installed on the Hotel property by a manager of the Holiday Inn Express, who was an employee or agent of JSKLD and/or SAP, or in the alternative was installed by another employee or agent of JSKLD and/or SAP, and/or in the alternative was installed at the direction of or

with the permission of JSKLD and/or SAP and/or InterContinental.

34. Following Plaintiff's collision with the sign, minor Plaintiff received emergency care in Pittsburgh and has been treating thereafter.

35. As a result of the collision with the sign, Plaintiffs suffered severe harm, including scaring to face and emotional trauma.

36. Pictures depicting minor's facial wounds are attached as **Exhibits 5**, and **Exhibit 6**.

**COUNT ONE**
(Against JSKLD Hospitality Enterprise, LLC, SAP Hotels, LLC, DBA SAP Hospitality Management, and InterContinental Hotel Groups)

37. The above paragraphs are incorporated herein.

**Compensatory Damages for Negligence and Premises Liability**

38. Plaintiff was a business invitee on the Hotel property. He had express and implied consent to be on the subject property and as a minor child of parents who paid for the three of them to stay at the Hotel, an economic benefit was conferred on Defendants.

39. JSKLD, as the property owner, owed Plaintiff, as an invitee, a duty to maintain the Hotel premises in a reasonably safe condition for the contemplated uses thereof and the purposes for which the invitation was extended. See Restatement (Second) of Torts §343.

40. Also, and/or in the alternative, SAP, as the property manager, owed Plaintiff, as an invitee, a duty to maintain the Hotel premises in a reasonably safe condition for the contemplated uses thereof and the purposes for which the invitation was extended. See Restatement (Second) of Torts §343.

41. Also, and/or in the alternative, InterContinental, having control or the right to control, inspect, and remediate hazards on the subject property, owed Plaintiff, as an invitee, a duty to maintain the Hotel premises in a reasonably safe condition for the contemplated uses thereof and the purposes

for which the invitation was extended. See Restatement (Second) of Torts §343.

42. The duty owed to a business invitee is the highest owed to any entrant upon land. The landowner is under an affirmative duty to protect a business visitor not only against known dangers, but also against dangers which might be discovered with reasonable care.

43. An invitee is not required to be on the alert to discover defects which, if he were a mere licensee, he might be negligent in not discovering.

44. JSKLD and/or SAP and/or InterContinental breached their duty of care to the Plaintiffs.

45. JSKLD and/or SAP and/or InterContinental knew of the hazardous sign and realized that it involves an unreasonable risk of harm to invitees, or in the alternative, by the exercise of reasonable care the defendant(s) should have discovered the dangers associated with the sign and should have realized that it's use involved an unreasonable risk of harm to invitees.

46. No Defendant took action to eliminate this unreasonable risk of harm to make its property reasonably safe for invitees.

47. As the sign area was not illuminated and the sign itself had no reflective tape or other illumination, it could not be easily seen at dark.

48. The metal edges of the sign were sharp and posed a risk of injury to invitees.

49. The unsafe sign was not known nor obvious to the Plaintiff at the time of the incident.

50. Defendants should have expected that guests, especially minors such as Plaintiff, would not discover or realize the danger posed by the sign, or would fail to protect themselves against the danger.

51. Defendants failed to exercise reasonable care to protect guests, including Plaintiff, against the dangerous sign.

52. Defendants breached their duty of care to Plaintiffs, and were negligent and/or exercised

intentional, wanton, and willful conduct with an evil motive, including but not limited to one or more of the following ways:

a. Failing to adequately staff and supervise the Hotel which routinely overloads the property with children who stay at the Hotel to attend hockey tournaments;

b. Failing to install and adequately maintain the sign at safe height and placement;

c. Failing to provide adequate outdoor lighting;

d. Failing to inform guests and make safe the hazardous condition on the property;

e. Installing a sign not for the purpose to alert guests of crossing ducks into the hotel lobby area, but to give guests a laugh when they pull-up their vehicle to the hotel entrance in an ill-motived attempt to create a favorable business atmosphere, without regard to the safety of its patrons;

f. Failing to use signage that complied with regulations, ordinances, statutes, and other guidelines, policies, and/or practices;

g. Failing to remove the subject sign;

h. Failing to properly illuminate the area so that the sign could be sufficiently visible to patrons when dark;

i. Failing to adequately illuminate the Hotel property;

j. Failing to adequately inspect and/or maintain the Hotel premises for unsafe conditions, such as the subject sign;

k. Creating a public, private, and/or attractive nuisance; and,

l. Otherwise engaging in reckless, wanton, intentional, and/or negligent conduct.

53. Defendants' breaches of their duty of care and negligence were the direct and proximate cause of Plaintiffs' injuries.

**Punitive Damages**
(Only as against JSKLD Hospitality Enterprise, LLC and SAP Hotels, LLC.)

54. The motivation to purchase, erect, and/maintain this sign was merely a joke - to cause amusement and a laugh to the Hotel's employees and/or guests who can view the sign as then pull-up their vehicle at the Hotel's lobby area.

55. The use of this sign serves no functional, productive purpose but, rather, is in deliberate

disregard to and intentionally imperils the safety of the Hotel's guests as the sign created an unreasonable dangerous condition.

56. The Hotel knows that it lodges hundreds of rooms of guests with minor children for hockey tournaments who are at play on the Hotel's premises.

57. Defendants knew or had reason to know of these facts which create a high risk of harm to another, and deliberately failed to act in conscious disregard of that risk by, here, failing to remove the sign, a known hazard.

58. Defendants' acts, essentially to post this dangerous sign and knowingly let its patron's children run about throughout the Hotel property, exhibits reckless disregard for safety.

59. Defendants' conduct averred herein constitutes willful and wanton conduct, and/or shows a conscious disregard of the rights and safety of other persons (including the Plaintiffs) that has a great probability of causing substantial harm, justifying the imposition of punitive damages.

**COUNT TWO**

(Against Hockey Time Productions Inc.)

60. The above paragraphs are incorporated herein.

61. Hockey Time Productions owed a duty to its hockey tournament participants (including the minor Plaintiff) and their family members traveling with them to make sure that the hotel lodgings Hockey Time Productions required participants to reserve were safe for the participants and their families.

62. Hockey Time Productions breached this duty to minor Plaintiff, *inter alia*, by failing to properly inspect and assess the Hotel to determine whether the premises were safe for the hockey tournament participants and their families, or in the alternative, by failing to inspect and assess the Hotel's premises in a reasonable manner; or otherwise engaging in a negligent manner.

63. Hockey Time Production's breach of its duty of care and negligence were the direct

and proximate cause of Plaintiffs' injuries.

WHEREFORE, Plaintiffs, individually, request that this Honorable Court:

A. Award compensatory damages for the injuries suffered by the Plaintiff, including past and future medical expenses;

B. Award punitive damages;[3]

C. Award attorneys' fees, costs, and expenses, as allowed by law;

D. Interest on all amounts awarded; and,

E. Any other relief that this Honorable Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff respectfully demands a trial by jury.

**SHENKAN INJURY LAWYERS, LLC.**
By: */s/ Richard Shenkan*
Richard Shenkan
Pa. I.D. No. 79800
P.O. Box 7255
New Castle, PA 16107
rshenkan@shenkanlaw.com

---

[3] *See*, *Anderson v. Nationwide Insurance Enterprise, et al.*, 187 F.Supp. 2d 447 (2002)(" Under Pennsylvania law, the question of punitive damages is usually determined by the trier of fact, and the Court is to decide the issue only when no reasonable inference from the facts alleged supports a punitive award. *Eagle Traffic Control v. Addco*, 889 F.Supp. 200, 201 (E.D.Pa.1995), citing *Trotman v. Mecchella*, 421 Pa.Super. 620, 618 A.2d 982, 985 (Pa.Super.1992).